L. Sec. Counsel? I'm sorry about that. Sorry about your leg. That gives you a sympathy vote from all of us. I'm not sure it gets you very far, but it gets you a sympathy vote. Okay. It wouldn't get you a sympathy vote if Judge Preggerson were here, because then he would tell us his story, and I guarantee you it's bigger. Just give me one more second, Your Honors. Thank you for your patience. You can't hit your opponent with a cane. You can't hit your opponent with a cane. You can't do that. Good morning. May it please the Court. Good morning, Your Honors. My name is Ethan Ballo, and this morning I speak for Antonio Dickerson. I'll watch my clock. I'm going to do my best to save two for rebuttal, and we'll see how we go. I want to begin with the Cantor error. We submit that Judge Wilson had a sua sponte duty to instruct on Ninth Circuit Model Instruction 8.186. Let me cut to the chase on that one. You don't claim that there was any error in the jointly proposed instructions that you put in. You're basing the whole thing on a sua sponte error you claim the district court caused. Under the circumstances, how can that be plain error? Okay. Well, let me take that in two parts, Your Honor. Respectfully, I think you've overstated our position a little bit because we do also say and still maintain that Alanis demonstrates clearly and also based on Leo Cala, a 2004 Supreme Court case and Staples, a 2004 Supreme Court case, that Cantor's incorrectly decided. But that's my second argument. Let me take you on where you are. You may not want to press that one. So Bobby Baer is my answer. It is clear from the record that Antonio Dickerson, part of his defense was a mental state defense. I didn't understand that Lorna Daniels' friend or, sorry, Thomas' girlfriend was underage. I reasonably believed she was 18 or 19. What if that's right and that was really the bulk of his defense and that was an error not to instruct the jury and that it was plain? How did it affect your client's substantial rights? Okay, so then we go to the third prong of the Alano test, Your Honor, and I accept your premise happily. My client was acquitted on Count 1, which was sexual exploitation of a minor under 1591. And the sole difference between the two counts is Count 1 was permitted the mental defense of I reasonably believe she was of age, and that's the only way we can make sense of the acquittal. Why is that? You know, it is dangerous for us to pretend that we know what's going on in jurors' minds. And when I read the brief, I thought, my goodness, how in the world would we know why the jury acquitted on Count 1? Well, if we go through the elements of the offense, first of all, the first element was stipulated. Like they took the car ride together in California, so they definitely drove together. And so then the question on Count 1 is what other reasonable explanation could there be? And I think this is what the government cites, I think it's Coughlin, which is we look at the cases and we try to do it. And I agree it's dangerous and difficult. But the only real difference was the mens rea defense. You know, one of the wonderful things about our criminal justice system is that when you get an acquittal, that's it, it's over, the government can't retry the person on that charge, jeopardy attaches. It's a non-entity. So we're left with a charge of production of child pornography, which there was a valid search, right, of your clients. There's no counselor search by the Sacramento police. And the search yields these photos as to what's happening. Yeah, they found the photos and they were posted on a prostitution site. Exactly. So what else could the jury have acquitted on Count 1 for for the sexual abuse of a minor? Sexual abuse of a minor, everything you've described is they took the girls, they went, they traveled to Orange County. The purpose was for prostitution. And she was underage unless he reasonably believed she was of age. The evidence you just recited, you take a look at the government's introduction, the first paragraph of their brief is what they claim they've established at trial. Everything in there, we grant them, let's say we grant them that's true. The only thing different is there's no mens rea. And that's the difference. But so I think in a sense there's substantial rights because he was convicted as doing 15 mandatory and no juror found that he had culpable state of mind. And that's an extraordinary thing. Strict liability for 15 years has no other, there's no other statute on the books that permits this. The common law doesn't permit it. And so on the prong three question, the jury didn't have the ability to consider whether or not his belief was reasonable about this woman's age. And if it was reasonable, and if you take the photographs that were uploaded to Redbook and we show them to our clerks and our friends and we say to them, what do you see here, I would suggest respectively you have people say, these are advertisements for prostitution. And you will have nobody say, oh, my God, that's child pornography. And from our positions and our roles in this court, we've all seen child pornography, that there's no doubt these are children. The depravity is apparent. They're toddlers. They're eight. They're ten. This is not that case. Judge Wilson at sentencing, right, says, tells us, I can't tell them apart, and this is highly unusual for a child pornography case. So that's how I'd answer prong three, but since I'm at the halfway mark of my time, I really do want to talk about why Cantor's incorrect and irreconcilable with Alanis. Not enough judges up here to rule in your favor. Perhaps, but let me take a shot if I could, Judge Hawkins, because I think they're irreconcilable. Let me give you three reasons. One, Alanis says when you find a statute that does not have a mens rea, courts do not say, oh, there's no mens rea. The courts then decide what mens rea is necessary to separate the crime from innocent conduct. Let me give you three quotes from Alanis. We have repeatedly held that mere omission from a criminal enactment of any mention of criminal intent should not be read as dispensing with it. The rule of construction reflects a basic principle that wrongdoing must be conscious to be criminal. When interpreting federal criminal statutes that are silent on the required mental state, we read into the statute only that mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct. The presumption in favor of scienta requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct. And the delta here is knowledge of age. So we have to have scienta. And why that's irreconcilable with canter is because canter doesn't imply scienta. It creates an affirmative defense. That is not what Alanis teaches. Alanis teaches if it's not knowledge, then we don't say no scienta. We run down the ladder. Is it recklessness or is it criminal negligence? And that's why you have Judge, excuse me, Justice Alito in dissent, in concurrence saying it should be recklessness and Justice Thomas in dissent saying it should be negligence. But you run down the ladder of imposing an apprendi element that needs to be proven beyond a reasonable doubt, not an affirmative defense which is what happened in canter. So I think those two points are irreconcilable, the mode of decision and the common law traditions. And this case has, just like Alanis, there's a First Amendment concern here that requires scienta. And this is Hussler versus Falwell, New York versus Ferber. You have to have scienta because it's otherwise innocent. If she's 18, those pictures are lawful. And then you have that Fifth Amendment jurisprudence which says we cannot give felony penalties and brand people felons and give them extraordinary penalties without a mens rea. So and I think that is why this court does, under Milligami, have the authority to say this, the district court did not have or canter did not have the advantage of Leocal or Alanis or Staples. Let me just say one thing about Leocal. The statute issue says that you have to use a minor. And what Leocal versus Ashcroft 2004, 16 years after, 14 years after, 16 years after, that's not my strong suit, after canter, teaches that when Congress uses the word use, that implies criminal recklessness at least. You cannot accidentally use someone. In this case, there's other verbs. We'll admit that. Counsel, do you want to save your two minutes? I do want to save it. But Leocal does suggest strongly as well that it's criminal recklessness. I'll come back when my colleague is done.  And I thank you, Your Honor. Thank you. We'll hear from the government. Good morning. Good morning. May it please the Court. Julian Andre on behalf of the United States. Defendant never requested the canter affirmative defense. He never presented any evidence as to the second prong of the defense, which requires him to prove by clear and convincing evidence that he could not reasonably have learned that she was a minor. He has to inquire, right? He has to inquire. Yes. And canter makes very clear there has to be some sort of diligent investigation. Canter uses the word diligent investigation. It talks about appropriate prudence. And then most recently in Jivamaran, the Ninth Circuit, reaffirmed that the canter defense requires a sufficiently diligent investigation. Tantor and the affirmative defense that the defendant claims he's entitled to is not meant to protect someone who just thinks she looked 19. It's meant to protect someone who made a reasonable inquiry and was deceived. And that's not what was presented here. So your argument really is it wasn't plain error because the instruction wasn't necessary because he didn't put on something he would have had to put on in order to run the affirmative defense. Correct, Your Honor. And under Bayer, which the defendant relies heavily on, I think there's two things that are required to establish plain error as to the affirmative defense. One, it's clear or obvious that he's entitled to the offense. And he presented evidence as to that he didn't know or didn't think she was 18. But he didn't present any evidence as to the second part. And so while it would be a closer question as to whether they erred in not giving the instruction, it certainly wasn't clear or obvious. And the second thing that Bayer makes clear is that it has to be clear or obvious that he wants to present the defense. In Bayer, you had a situation where the entire case rested on the public authority defense. It was the focus of the defendant's examination. It was the focus of the DEA task force officer's examination. It was the focus of both parties' closing argument. That's not the case here. No, but mistake of age was his theory of defense for sure, right? Mm-hmm. Mistake of age was his theory of defense at trial, right? Your Honor, he references it five times in closing. I do not believe it was his theory of defense. If you look primarily at his argument today, here's what would help to me, because I think you have a really strong argument on this point. But his argument today is that he shouldn't have had the burden. It shouldn't be an affirmative defense that Cantor has actually been impliedly overruled. Do you want to speak to that? Yes, Your Honor. And that argument, again, is, again, under plain error standard.  Just last year in Davis, this Court rejected that argument. And, in fact, the Ninth Circuit's the only court that has held there even is this affirmative defense. But I think the important part to note about Alanis is, Alanis does not overturn what is really at issue there, which is that, yes, if the statute is silent as to Scienter, as to a particular element, there is a presumption that Scienter should be required. That presumption, and Alanis recognizes this exception, can be overcome where there is expressed congressional intent to the contrary or statutory language to the contrary. And that's exactly what we have here. In excitement video, the Supreme Court made very clear that Congress intended that 2251 be strict liability as to age. And it distinguished 2251, which dealt with producers, those that were in the best position to determine whether a victim is, in fact, a minor or an adult from those who are distributors or consumers. That exception still applies. And if you go back even further to Morissette, which defendant cites, I think is in the 50s, Morissette recognizes that there's always been an exception for the Scienter requirement in the context of sexual abuse of minors. Alanis doesn't touch on either of those recognized exceptions. And so it does not overrule Cantor. Now, I'd like to go, and the U.S. Court has other questions regarding Alanis, I'd like to go back to the affirmative defense. And, again, to get back to whether he really presented his defense, I think the most important thing to look at is the defendant's examination. There is a hundred pages of testimony from the defendant, over 50 on direct and 50 on cross. And there are two instances in which he indicated, I assume she was 18 or 19. That's it. He doesn't go at length. He's asked about it once. You know, what did she look like? I thought she looked 19 or 20. And then asked again, what opportunity do you have to observe her? Frequent. You know, she looked like she was the same age as my girlfriend. That's it. That's 2% of the entire time he was on the stand. And so, even if it was a minor theory of his defense, it certainly wasn't his main theory of defense. And, therefore, it doesn't indicate. What do you think his main theory of defense was? His main theory of defense was, this wasn't my girl. I had nothing to do with her. That was Thomas's girl. I just met her. This was just a trip. Yeah, this is the first time I met her. Isn't that mistaken age? I'm not sure what the defense theory was, if it wasn't mistaken age. I don't think it was a mistake of age. It was literally, I have nothing to do with this girl. I have nothing to do with this girl. Why would I even bother to find out how old she was? She's just my friend's girlfriend. And maybe that comes close to a mistake of age defense. Had he preserved the issue, had he asked for it, and frankly, Your Honor, had he asked for it, we would have gladly given it to him. He did argue that in closing, didn't he? Dickerson's counsel? He argued that he didn't know how old she was, that he thought she was an adult. He never argued he made any effort to ascertain her age. And he actually argued the opposite. That she seemed like an adult in her appearance? Yes. Made him believe she was an adult? Yes. But he never said anything to satisfy that second prong of that defense, which was that he made any effort to learn it. The counter-affirmative defense, the jury instruction that he claims he was entitled to, is I did not, is that he did not know and could not reasonably have learned. And, again, there was nothing as to the second prong of that defense. And so when compared with Baer, where it was, and the Ninth Circuit, in that sense, referred to it as the crux of the defense two or three times in that opinion. It called it the sole theory of the defense. That's just not what it was here. Even if he had, you know, put on enough to be entitled to the defense that he asked for, it wasn't clear or obvious he was entitled to it, and it certainly isn't clear or obvious he was presenting it. I mean, you know, it just was not an issue in this case that was litigated. At least it was not litigated heavily. What they fought about was, you know, this was Thomas's girl. I'm just a vain 21-year-old on a road trip. I didn't take the photos. I didn't know she was going to be prostituting herself. And, yes, he didn't concede that he knew how old she was, but he didn't focus on it. Not enough that the district court should have been required to read his mind and potentially go against his trial strategy. What the defendant is asking the court to do here is say that after the district court had already instructed the jury on the jointly proposed instructions, that, and after defendant's counsel argued to the jury, I don't bear the burden. The government bears the burden as to every single element. So the district court was then going to go back and say, the defendant bears the burden to prove this affirmative defense by clear and convincing evidence. And defense counsel argued he did not have the burden, which is directly at odds with the counter-affirmative defense. The last thing I'd like to address, Your Honor, is this split verdict. And I have three points I'd like to make with respect to that. You know, defense counsel says that Count One permitted a mental state defense. That is false. To prove Count One under 1591 as to age, we could do it three ways. He knew, he recklessly disregarded it, and, most importantly, that he had a reasonable opportunity to observe the victim. The Second Circuit and this court in Bowles have made clear that under 1591C, the reasonable opportunity to observe standard turns that statute into strict liability as to age. And here there was no meaningful dispute that defendant had a reasonable opportunity to observe this victim. He admitted it was frequent. He admitted they traveled to Oakland from Sacramento, that they traveled then to Costa Mesa. He took photos of them. To suggest that the jury somehow disregarded the reasonable opportunity to standard and found reasonable doubt as to age just is not likely at all. What really happened here is that they held Thomas responsible for sex trafficking of a minor. The jury knew that Thomas had already pled guilty to that offense, and they held Dickerson responsible for this child pornography, which was found on his phone, on his computer, in the TV stand in his home, and had been posted on advertisements not for CM, but for his girl, Daniels. The second point, Your Honor, as to that is that defense counsel talks about the elements. The real likely scenario here is Element Three of 1951. The defendant knew or recklessly disregarded the fact that CM was going to be engaged in commercial sex acts. That's where, if there was an area where we had issues proving beyond a reasonable doubt, that's where it existed. It was undisputed that Thomas had pled guilty to that offense. It was undisputed that CM was not Dickerson's girl. And it was undisputed that he wasn't there when she was arrested for solicitation. That's where the issue was. And the final point I'd like to raise is there is a massive difference between a defendant establishing reasonable doubt as to an element of the offense and proving by clear and convincing evidence that he did not know and could not reasonably have learned. And on that point, all you have really are his two statements, that he assumed she was 19, and his credibility was destroyed throughout that cross-examination. Unless the Court has other questions. Thank you. Any questions by my colleague? Thank you, Counsel. Counsel, you have a little time left to rebut. Thank you. I'll be brief, Your Honors. On the first issue, I disagree that there's an obligation of diligent investigation to obtain a canter instruction. Look at 8.816, and the question becomes under Doe, is there sufficient evidence in the record to support the giving of the instruction? We're not going to give you a directed verdict. The question is we get a new trial. And when a woman has an array of tattoos on her chest and tattoos on her arms and she appears to be like an adult, that's enough. When she's a habitual liar. Because your position is that our law does not require him to inquire? No, no. The reasonable opportunity to learn means what evidence is that if he asked, he went to obtain the truth. What difficulty would he have? There's no ID. She tells the cops she's 21. There's a lot of evidence about her lying about her age. Right. So was it reasonable that he didn't learn her age? There's enough in the evidence to get the instruction. But I want to go back to why canter is wrong in the first place. First, it's de novo review under the futility doctrine. There's no way on God's green earth Judge Wilson would have required an element to the offense, given that he's been instructed to give the canter. So we get de novo. The case is Kyle. So it's de novo review. What excitement video says is there's no knowledge requirement for 2251. But against an Alanis teacher, that doesn't answer the question whether there's any scienter. We then go down the ladder. So just because there's no knowledge doesn't mean Mr. Dixon didn't have to be at least reckless. And based on Lee and Kyle, take a look at Justice Alito's concurrence in Alanis. Recklessness should be the answer. And so I think that's where the case really drops. But in either case, it should get remanded for a new trial under canter, or you should overrule canter because it is irreconcilable with Alanis. Counsel, do you agree that if we can't or don't find that canter is distinguishable that you lose? No. Then you would either, if you don't believe that it's irreconcilable with Alanis's instructions, then I should win on the canter error and get a remand for a trial where he's But whether he reasonably could have learned the true age of this woman, who was, I think, 21 at the time she testified, whether he reasonably could have learned it. And they make that factual decision, not the three jurists who are sitting here. Other questions from my colleagues? All right. Thank you, counsel. Thank you for your time, counsel. The case just argued is submitted.
judges: Hawkins, M. Smith, Christen